(170 App. Div. 358)
PEOPLE ex rel. BROWN v. BOARD OF SUP'RS OF NASSAU COUNTY et al.
(HICKS, Intervener).

(Supreme Court, Appellate Division, Second Department.   December 3, 1915.)

1. ELECTIONS ⬅260—COUNT OF BALLOTS—RETURN—DEFINITENESS.
   Where it cannot be determined whether a ballot has been once counted,
   it cannot be counted on review.
   [Ed. Note.—For other cases, see Elections, Cent. Dig. § 236; Dec. Dig.
   ⬅260.]

2. ELECTIONS ⬅260—COUNT OF BALLOTS—DEDUCTIONS.
   Where a void ballot is merely indorsed "for identification," but not
   "void," it will be treated as counted, and must be deducted from the count.
   [Ed. Note.—For other cases, see Elections, Cent. Dig. § 236; Dec. Dig.
   ⬅260.]

3. ELECTIONS ⬅260—COUNT OF VOTES—DEDUCTIONS.
   Where a ballot has a tear and erasure, it is void, and if counted, must
   be deducted.
   [Ed. Note.—For other cases, see Elections, Cent. Dig. § 236; Dec. Dig.
   ⬅260.]

4. ELECTIONS ⬅260—COUNT OF VOTES—BALLOTS—IRREGULARITIES.
   Where a ballot is marked in the space for party emblems it is void, and,
   if marked only "for identification" it must be deducted from the count, the
   presumption being when so marked that it was counted.
   [Ed. Note.—For other cases, see Elections, Cent. Dig. § 236; Dec. Dig.
   ⬅260.]

5. ELECTIONS ⬅260—COUNT OF VOTES—RETURN.
   Where a ballot is returned "spoiled," the inspectors cannot, under sub-
   sequent court order to mark void all void ballots, mark it "wholly void,"
   when it is in some respects valid.
   [Ed. Note.—For other cases, see Elections, Cent. Dig. § 236; Dec. Dig.
   ⬅260.]

6. ELECTIONS ⬅186—BALLOTS—IRREGULARITIES.
   A ballot on which a voter attempts to vote for two candidates for the
   same office is invalid as to that office only.
   [Ed. Note.—For other cases, see Elections, Cent. Dig. § 159; Dec. Dig.
   ⬅186.]

7. ELECTIONS ⬅260—COUNT OF VOTES—RETURN—ADDITIONS.
   A ballot, marked "spoiled," cannot on that account alone, if valid, be
   added to the count.
   [Ed. Note.—For other cases, see Elections, Cent. Dig. § 236; Dec. Dig.
   ⬅260.]

Cross-Appeals from Special Term, Nassau County.

Action by the People, on the relation of Lathrop Brown, against
the Board of Supervisors of Nassau County, in which Frederick C.
Hicks intervenes.   From an order directing the count of ballots, the
relator and intervener appeal.   Affirmed.

Argued before JENKS, P. J., and THOMAS, STAPLETON,
MILLS, and RICH, JJ.

Percy L. Housel, of Riverhead, for relator.

William D. Guthrie, of New York City (Leander B. Faber, of Ja-
maica, and Joseph M. Belford, of Riverhead, on the brief), for inter-
vener.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM. [1] This is one of the proceedings in the county of Nassau similar in their character to those considered in the county of Suffolk in People ex rel. Brown v. Board of Supervisors of Suffolk County, 156 N. Y. Supp. 205, decided herewith.

Ballot 250, Second district of North Hempstead: The ballot is unobjectionable in form. The intervener insists that it is one of the void ballots, and should be added to his count. The relator answered that the return showed that there were 10 ballots void for Governor, and that 11 were found in the envelope; that there was nothing to show that this was a void ballot, none of the ballots was indorsed, and ballot 248 is indorsed on the back "10 void." The intervener contended that "it" (referring to the envelope) contained 11 ballots, that Exhibit Ballot 252 is indorsed "10 void ballots," and Exhibit 248 is indorsed "7 void ballots," and there was no indorsement on ballot 250. The court ruled that it could not determine under the circumstances that this ballot was one of those that were held to be void, and held that the return was satisfied by the other ballots, and that this was an extra one. The court finally denied the motion for the addition of this ballot to Mr. Hicks' count. We think that the ruling that denied the motion for addition of the ballot to the intervener's vote should be sustained, because it is not clear nor apparent whether or not this ballot was originally counted.

[2] Ballot 255, district No. 5 in town of North Hempstead: It was contended by the intervener that it had been counted for Mr. Brown, and should be deducted from Mr. Brown's vote. The court granted the motion that it should be deducted from relator Brown's count. The ballot shows that it was indorsed "Marked for identification," apparently by the inspectors on election night, and opposite the name of a candidate for Secretary of State such mark had been made as makes it a void ballot. We think that the ruling of the court was right, and that it should be affirmed, and the vote should be deducted from relator Brown's vote.

[3] Ballot 257, election district 2, North Hempstead, was offered for deduction from intervener Hicks' vote, and the motion was granted. When ballot 257 was offered originally for such deduction (folio 115, printed record), it was said by counsel for the relator that the return and tally sheet in that district were not correct, but that it would not ask for any decision until they had an order against the inspectors, and decision therefore was reserved (folio 116, Id.). We cannot find that any writ was ever obtained. The ballot shows that it was indorsed "Marked for identification," apparently by the inspectors on election night, and contains a tear or erasure opposite the name of a candidate for Secretary of State. We think that the court made a right ruling, and that its determination that the vote should be deducted from intervener Hicks' vote should be sustained.

Ballots 308 and 310, district 8, Oyster Bay: The intervener says that these ballots were concededly treated as void by the inspectors of election. The ballot was offered as an addition to relator Brown's count, but was objected to on the ground that there was an erasure made by a pencil. The Special Term held that the ballot was valid,

and granted the motion. We think the ruling of the court was correct, and that its decision should be affirmed.

Ballot 310, same district: This was offered for addition to relator Brown's vote. We think that the mark in the voting space for the relator does not offend the statute. The ruling that the ballot was valid, and should be added to the relator's vote, was right, and the decision is affirmed.

[4] Ballot 318, district 8 of the town of Oyster Bay: This ballot was offered for reduction from the vote of intervener Hicks, in that it was void as marked for identification. In the attempted votes for Associate Judge of the Court of Appeals, United States Senator, Representative in Congress, and State Senator, a cross was put before the emblem, and not in the voting space designated to contain the mark of the voter; and in the votes for Attorney General and State Engineer the cross was put after the emblem, and not in the voting space designated. The intervener objected that in that district but one ballot was returned as void, and asked, How, then, could it be determined that this is not the void ballot?· It was answered that the return shows no void ballot returned "all down the line"; that there is not a void ballot for all of the offices, and that the return showed one void for Congress. The argument of the relator is that none of the ballots found in the envelope was indorsed void, that the return showed three void for Governor and one each for Lieutenant Governor, Secretary of State, Comptroller, and Representative in Congress, and it is thus apparent, the total vote for every office being the same, that the inspectors counted two ballots void for Governor only, and good or blank for the other offices, and therefore disregarded the rule that a ballot void for one office is void for·every office; for, if they had obeyed it, the number of void ballots returned would have been the same for all offices. He concludes, therefore, that it is quite as probable as not that the ballot containing the void vote for Congress is in the ballot box as that it is in the envelope, and that the ordinary presumption should apply that a ballot indorsed as Exhibit 318, "Marked for identification," has been counted, and, as this ballot is wholly void on account of the marks in the emblem spaces, it should be deducted. The intervener answers that, although the ballot was void, the refusal of the Special Term to deduct the vote from the intervener was right, for the reason that the proof was insufficient to show that it had been counted. The Special Term held that the ballot was void, but declined to permit the ballot to affect the vote for the intervener, Hicks, because the situation made it uncertain for a determination whether the ballot should be deducted or added. We think that the disposition thus made should be affirmed.

[5-7] Ballot 367, election district 9, town of Hempstead: This ballot was offered for addition to relator Brown's vote. His counsel at the time of offer submitted that "the return shows five void ballots right through; the ballot clerk return shows one returned and canceled by the voter; the spoiled ballot has been accounted for and picked out by the inspector, who has testified to more void ballots than he is supported by the return." The intervener concedes in his brief that

the ballot is valid, but the contention is that there was no evidence to show that it was omitted as void by the inspectors. It is undisputed that this ballot, when it first came out of the envelope, was indorsed in lead pencil "Spoiled." At the hearing held on December 1, 1915, testimony was taken that it was one of the void ballots returned for Congress. Indeed, there was much testimony offered. There was an auxiliary writ of mandamus issued after the decision of the Court of Appeals. In the original petition for an auxiliary writ of mandamus, it was shown that ballots indorsed as "Spoiled" and placed in the envelope were ballots in fact adjudged void, and that the inspectors omitted to indorse the memorandum of their objections. The court issued an auxiliary writ of mandamus, and subsequently issued an order for a writ on the remittitur as settled by the Court of Appeals, whereby it ordered that the inspectors reconvene,

"take the envelope of void, protested, and wholly blank ballots, * * * open the same, and upon such of the ballots therein contained as were by them adjudged void, or objected to, or protested, on the canvass thereof at the last general election, and upon which indorsement had not been made at the time of the canvass thereof, and which the said inspectors of elections are able to identify, and can state the grounds upon which the same were adjudged void, or objected to, or protested, on the canvass thereof, to indorse in ink upon the back thereof a memorandum of the objection, if any, made to said ballot, or any vote thereon, and the ruling of the inspectors thereon at the time of such canvass, stating whether it was counted void or counted blank, and for which office in either case, or counted for any candidates, naming them, in accordance with their action thereon during the canvass of said ballots," etc., "and to sign said memorandum, if so made, at the foot thereof, as having been made pursuant to the order of the court, to return said ballots to said envelopes," and "to take from said envelopes any ballots spoiled and returned by voters, and for which new sets of ballots were delivered to such voters, which can be identified by said inspectors, and to indorse the same 'Canceled' and inclose same in a separate envelope properly indorsed, and after the close of the hearing herein to return the same to the box for spoiled and mutilated ballots, seal said box, and return the same."

On the 1st day of October, 1915, the inspectors met. They returned that they had found and indorsed said ballots with their ruling thereon as made on election night, as commanded by said writ, and that—

"we have taken the envelopes of void, protested, and wholly blank ballots heretofore returned by us to the board of election of Nassau county, and have opened the same, and have taken therefrom the ballot therein contained which was a ballot spoiled and returned by a voter without having been voted, and have indorsed the same with the word 'Canceled,' and have placed said ballots in said envelope."

This ballot in question was marked in pencil "Spoil," and the indorsement now made in accordance with the execution of the writ is:

"Wholly void on account of marks for Court of Appeals. So indorsed October 1st, 1915."

It contained crosses opposite the names of two of the candidates for the Court of Appeals and was only ineffective as to that office. When there was a halt in the hearing, the Special Term said:

"At the present time I don't feel sufficiently convinced to change the count with that ballot; if you have anything further to present, further evidence, I will hear it."

Counsel for the relator then said:

"I will reserve that, then."

We cannot find that anything further was offered. The court finally ruled that the motion that offered the said ballot for addition to Mr. Brown's count should be denied. Hogan, J., in the Court of Appeals, says:

"In all cases where the petition does not disclose that ballots canvassed as void or protested are so marked or identifiable as to permit the inspectors to immediately select said ballots from those in the box, the court is confined in the examination of the protested, void, and wholly blank ballots to such ballots as are found in the envelopes. * * * Where ballots are found in the envelopes that were spoiled or canceled ballots, the court may order them marked as such and placed in the boxes where they properly belong. Any marks or writings made by the inspectors upon ballots which may be removed from the ballot boxes should be preserved, and additional indorsement made thereon as directed under the order of the court should indicate that it was made pursuant to such order." People v. Freisch, 215 N. Y. 356, 109 N. E. 517.

The argument of the intervener is that the writ of mandamus under which these officers acted directed them to indorse their rulings upon the ballots in the envelopes "upon which indorsement had not been made at the time of the canvass thereof," and it is submitted that, as this ballot 367 had been indorsed "Spoiled" at the original canvass, the inspectors were not at liberty, under the second auxiliary writ of mandamus, to indorse the same "Wholly void." The argument of the relator is that the Court of Appeals opinion plainly contemplates that new indorsements will be placed on ballots; and it is said that, if this principle is not deducible from the Court of Appeals opinion, then its opinion is silent on that point. The Special Term denied the motion to add the ballot to the relator's vote. As we understand the decision of the Court of Appeals, it does not go so far as to authorize the officials under such writ of mandamus now to indorse a ballot, indorsed "Spoiled" on the original canvass on election night, as void or wholly void. In any event, we think that the proof in this particular instance would not have warranted the Special Term in regarding this ballot as one originally treated as void by the inspectors on election night, and, upon determination that it was valid as to the relator, to rule that it should now be added to his vote. This disposition made by the Special Term is therefore affirmed.

The order is affirmed, without costs, and the stay is vacated.